# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

MARIO SULLIVAN
(PLAINTIFF)

             \* 'COMPLAINT'

            \* CIVIL ACTION NO.

VS.

            \* _____

COMM. TyRONE OLIVER
Former Comm. TIMOTHY C. WARD
WARDEN WALTER BARRY et, al.,
INDIVIDUALLY and in their
official capacities
(DEFENDANTS),
See attachment IV 'DEFENDANT
LIST'

## I. JURISDICTION and VENUE

1. This is a civil action authorized by 42 U.S.C § 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the U.S. This court has jurisdiction under 28 U.S.C section 1331 and 1343(a)(3). Plaintiff seeks declatory relief

pg. 1 of 18

pursuant to 28 U.S.C Section 2201 and 2202. Plaintiff claims for injunctive relief are authorized by 28 U.S.C. section 2283 and Rule 65 of the Federal Rules of Civil Procedure.

2. The MIDDLE DISTRICT OF GEORGIA, ALBANY DIVISION is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF

3. Plaintiff, MARIO R. SULLIVAN, is and was at all times mentioned herein a prisoner of the State of Georgia in the Custody of Georgia Department of Corrections. He is currently confined in WILCOX State Prison In Abbeville, Georgia.

## III. DEFENDANTS

4. DEFENDANT, TIMOTHY C. WARD, is the former Commissioner of the GEORGIA Department of Corrections. He was legally responsible for the overall operation of the Department and

each institution under its jurisdiction, including Autry STATE PRISON.

5. DEFENDANT, TYRONE OLIVER is the COMM-ISSIONER of the Department of Corrections in GEORGIA. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Autry State Prison and WILCOX STATE Prison.

6. DEFENDANT, WALTER BARRY is the WARDEN of Central State Prison. He was legally responsible for the operation of Autry State Prison and for the welfare of all the inmates in that prison at certain times mentioned in this complaint.

7. DEFENDANT, DR. MARK WOODS, is a Doctor for the Georgia Department of Corrections, at Autry State Prison. He was legally responsible for the operation of Medical Department and for the welfare of all the inmates in that prison.

8. DEFENDANT, ROBERT BRADFORD, is Physician at Wilcox State Prison and was at all times mentioned in this complaint also at Autry State Prison.

pg. 3 of 18

9. Defendant, SHARON OSBOURNE, is the Deputy WARDEN of Care and Treatment of Autry State Prison. She was legally responsible for the care and treatment of all the inmates in that prison.

10. WARDEN, DARRIN MYERS, was the WARDEN of Autry State Prison at times mentioned in this complaint. He is now DECEASED.

11. DEFENDANT, AHMED HOLT, was at all times mentioned herein and still is, Assistant Commissioner of facilities of GEORGIA DEPARTMENT OF CORRECTIONS.

12) DEFENDANT, DR. SHARON LEWIS, was at all times mentioned and still is STATEWIDE MEDICAL DIRECTOR for GEORGIA DEPT. OF CORRECTIONS.

13. DEFENDANT, ANNA TRUSZCZYNSKI, of GEORGIA ENVIRONMENTAL PROTECTION AGENCY, GEORGIA DIVISION.

14. DEFENDANT, DR. KATHLEEN. E. TOOMEY, COMMISSIONER of GEORGIA DEPARTMENT OF PUBLIC HEALTH at all times mentioned in this complaint.

pg 4 of 18

15) DEFENDANT, <u>AUSTIN STUCKLEY</u>, of DECATUR COUNTY HEALTH DEPT, was at all times mentioned.

16. WARDER, <u>CHARLES MIMS</u>, DEFENDANT, is WARDEN OF WILCOX STATE PRISON, Abbeville, GEORGIA.

17. DEFENDANT, <u>JENNIFER AMMONS</u>, was at all times mentioned in this complaint, GENERAL COUNSEL for the GEORGIA DEPARTMENT OF CORRECTIONS.

18. EACH defendant is sued 'individually' and <u>in his/her 'official capacity'</u>. At all times mentioned in this complaint each defendant acted under the color of state law.

# III FACTS

Plaintiff, Mario R. Sullivan, PRO SE, hereby avers the following facts.

19.   In July of 2018, Mario Sullivan was housed at Autry State Prison in E building when a friend 'Obie Phillips' became severly ill and had to be rushed to Phoebe hospital ER. Obie Phillips was diagnosed with 'legionnaires disease'.

Legionella is a genus of bacteria that grows in water and, when inhaled through airborne water droplets, can lead to a potentially fatal pneumonia known as 'Legionnaires Disease' or other respiratory illnesses.[1] An individuals risk of developing Legionnaires Disease, or other respiratory illnesses caused by legionella, depends on the extent of exposure[2], the individual's age[3], and their co-morbidities, such as cardiovascular disease or diabetes.[4]

When an outbreak occurs at a prison (hospital, hotel, etc.), a complete or partial evacuation is the safest response. If evacuation is not possible, a correctional facility should shut down the water systems; bring in portable toilets, portable showers, and bottled water, and prepare meals

offsite to ensure the safety of those in its custody.[5]

20. (claim #1) At the time of Obie Phillips diagnosis, Defendants Timothy C. Ward, Walter Barry, Dr Mark Woods, and Robert Bradford, under the color of state law, violated the 8th and 14th Amendment when they were notified, yet acted with deliberate indifference to the water contamination at Autry State Prison.

The above stated "DEFENDANTS' actions/inactions exposed Plaintiff to an unreasonable risk of developing Legionnaires Disease or other respiratory illnesses caused by legionella, then, as well as risk of harm in the future.

Not only was evacuation or other safety measures essential to ensure safety; Proper diagnosis and treatment is also essential once a person has developed Legionnaires Disease[6]. The disease can be difficult to diagnose because its symptoms are common to respiratory illnesses, and these symptoms have become all the more common since the onset of COVID-19 pandemic. This is exactly why medical surveillance such as urinary antigen tests[7], is particularly important at facilities with confirmed Legionella contamination.[8]

<u>Approximately 5 years later</u>

21.  As Sullivan periodically developed respitatory and gastrointestinal issues, he had acquired chronic care conditions he never had in his life within these 5 years of being exposed. Sullivan had no idea of his exposure to the fatal bacteria, because he was never notified by anyone.

However, on October 21, 2022, GDC and GDPH publicly confirmed that an individual had tested positive for Legionnaires Disease at Autry State Prison in June 2021.[9] The agencies then began testing the water supply and found the water was contaminated.

Because prisons are at greater risk of legionella outbreaks, they should take steps to 'prevent' and 'remedy' legionella growth.[10] After being informed, when individuals began to develop symptoms of Legionnaires Disease, they requested 'testing' via sick call request, but, inspite of the history of confirmed cases and confirmed contaminated water at the facility, Sullivans request was <u>DENIED</u>.

22. (Claim #2) Defendants, FORMER COMMISSIONER GDC Timothy, C. Ward, COMMISSIONER OF GDC Tyrone Oliver, Warden Darrin Myers, DR. MARK WOODS, Robert Bradford, SHARON OSBOURNE, AHMED HOLT, DR. SHARON LEWIS, ANNA TRUSZCZYNSKi, DR. Kathleen E. TOOMEY and Austin Stuckey all under the color of State law violated the 8th and 14th amendment by acting with 'deliberate indifferance' to the water contamination at Autry State Prison.

Not only was immediate evacuation or other safety measures essential to ensure safety; Proper diagnosis and treatment of every individual who may have been exposed was also essential".

Warden Darrin Myers, acting as HEAD WARDEN also DENIED a 'Petition For Bottled Water and Medical Testing' sent to him via 'Advocate for the incarcerated 'SCHR (Southern Center For Human Rights). The petition simply asked Warden MYERS to provide them with 'Potable bottled Water' and Medical testing".

All of the above stated defendants actions/ inactions exposed plaintiff to an unreasonable risk of harm then, as well as in the future; by failing to evacuate or take other safety measures, also by failing to order medical staff to diagnose and treat

every person who was exposed.

23. (claim #3) Warden Darrin Myers violated Sullivans 1st Amendment Right of the FREE EXERCISE Clause. His motive was in RETALIATION of SULLIVAN filing grievance #344947 and signing 'Petition' (both concerning the water contamination) for Potable/bottled water and medical testing.

Warden Myers, upset about the number of inmates who signed the petition and wrote grievances, set out a campaign of harrassment.

Attorneys from the Southern Center For Human Rights received reports about the water contamination and began investigating the issue. Sullivan was one of the 50 or so inmates that received attorney visits from SCHR. After each visit warden Darrin Myers, would wait for inmates to leave the visiting area to harrass them about petty things like standing at attention whenever hes in eyesight, no matter how far the distance.

Sullivan advised attorney Maya Chaudhari of SCHR that Warden Myers gave him

long/cold stares, as he sat and ate his meal in the chow hall.

24. On Friday April 15, 2023, WALB News 10 aired that Autry State Prison was mandated to vacate and shutdown. That following Monday on April 18, 2023 (3 days later) WARDEN MYERS approached Sullivan as he stood in the pill call window to get pills for his ongoing diaharrea.

WARDEN MYERS began to harrass and antagonize Sullivan in regards to his beard. SULLIVAN stated that due to his religious beliefs (per Leviticus 19:27) it was forbidden to shave his beard off. WARDEN Myers told Sullivan, "While you're still at Autry SP, I am your GOD, and I said I want it shaved," then Ordered Lt. Samantha Brown to take him to the IO area of the prison, handcuff him, and inmate Solomon Powell shaved his entire face. He further ordered her to take Sullivan to the hole and "dont let him out until he transfers."

Sullivan was further harrassed as he waited 42 days in the hole to be transferred

due to evacuation. Warden Myers would walk past his cell, peek in the window, and threaten that he was being sent to another prison where he would be killed. Sullivans roommate Rashad Sawyer GDC#1001687523 was witness.

25. (CLAIM #4) WARDEN CHARLES MIMS, COMMISSIONER TYRONE OLIVER, AHMED HOLT, DR. SHARON LEWIS, Anna Truszczynski, and DR. Kathleen E. Toomey, all under the Color of State Law are acting with 'deliberate indifferance' to the current and ongoing water contamination at Wilcox State Prison in violation of the 8th and 14th Amendment of the U.S. constitution.

On 12/5/23, Warden Charles Mims posted notice inside every dorm advising of the legionella water contamination, yet failed to take the appropriate (if any) safety measures to diagnose, treat, and prevent the unreasonable risk of serious harm then, as well as in the future.

When an outbreak occurs at a prison (hospital, hotel, etc.) a complete or partial evacuation is the safest response. If evacuation is not possible,

a correctional facility should shut down the water systems; bring in portable toilets, portable showers, and bottled water; and prepare meals offsite to ensure the safety of those in its custody.[13]

Shortly after Warden Mims posted notice on 12/5/23, Sullivan became very ill with flu like symptoms and on 12/17/23 tested positive for the legionella bacteria. He was prescribed 'Bactrium' on 12/18/23.

Since his first positive result and treatment on 12/18/23, Sullivan has tested positive for legionella bacteria 3 additional times and was treated with 'Macrobid' on one of those occassions and with 'Zithromax' on the last two occassions. Zithromax is the leading antibiotic used to treat legionella contamination.

Sullivan has also always been on mental health caseload due to paranoia, anxiety, and depression. He is now currently very heightened in these areas as he feels this water contamination and its apparent deliberate indifferance to all officals is becoming a cover up conspiracy or maybe perhaps an attempt at a prison population control tactic to slow kill unaware inmates for longterm bedspace.

# FOOTNOTES

(1) See generally Burke A. Cunha et al., Legionnaires' Disease, 387 Lancet 379 (2016)

(2) Cunha, supra note 2, at 378.

(3) Adel Hasan, Nursing home cited 7 times by Inspectors Before Legonairres Outbreak, N.Y. Times (Nov. 12, 2022) http://www.Nytimes.com/2022/11/12/Nyregion/nyc-legionnaires/nursing-home.html

(4) Nick Phin, et al., Epidemiology and clinical management of Legionnaires Disease, 14 Lancet Infection Diseases 1011 1012 (2014)

(5) K.D. Lucas, et al., Outbreak of Legionnaires Disease associated with cooling towers at a California State Prison, 2015, 146 Epidemiology and Infection 297 (2018)

(6) E.g., id at 297

(7) Cunha, supra note 2, at 379

(8) Phin, supra note 5; Lucas, supra note 6, at 301 ("[c]linicians should have a low threshold of testing for legionella

(9) Heidi Paxson, Glass Half Empty: DPH confirms Positive Legionella Tests at Autry State Prison for More Than a year, WALB (Oct. 21, 2022), https://walb.com/2022/10/21/glass-half-empty-dph-confirms-positive-Legionella tests-autry-state-prison-more-than-a-year/.

(10) Lucas, supra note 6, at 300-301

(11) SOUTHERN CENTER for HUMAN RIGHTS, Request to GDC Commissioner Tyrone Oliver.
Eg. Lucas at. 297

(12) See Attached "Petition For Bottled Water and Medical Testing".

(13) Eg., Id. Lucas at 297, see footnote '5'.

pg 15 of 18

## IV. Exhaustion of Legal Remedies.

26. Plaintiff, MARIO R. SULLIVAN, used the prisoner grievance procedure available at AUTRY STATE PRISON and WILCOX STATE Prison to try and solve the problem, all Grievances were denied. Plaintiff appealed all grievances to central office in FORSYTH they were all also DENIED.

## V. LEGAL CLAIMS

27. Plaintiff realleges and incorporates by reference paragraphs 20, 22, 23, and 25.

28. The deliberate indifference to medical needs, unsafe condition, and Retaliation due to exercise of rights violated Plaintiffs. MARIO R. SULLIVAN's rights and constituted cruel and unusual punishment violating of Due Process and Retaliation under the 1st, 8th, and 14th Amendment to the United States Constitution.

29. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be

irreparably injured by the conduct of the defendants unless this court grants the declatory and injunctive relief which plaintiff seeks.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgement granting plaintiff:

30. A declaration that the acts and omissions described herein violated plaintiffs rights under the Constitution and laws of the United States.

31. A preliminary and permenant injunction ordering defendants [ALL DEFENDANTS] to cease from all forms of Retaliation and to provide Potable drinking water & medical testing as often as requested.

32. Compensatory damages in the amount of $100,000$\frac{oo}{}$ against each defendant, jointly and severally

33. Punitive damages in the amount of $100,000$\frac{oo}{}$ against each defendant.

34. A jury trial on all issues triable by jury.

pg 17 of 18

35) Plaintiff(s) Costs in this suit, $5,000⁰⁰.

36. Any additional relief this court deems just, proper, and equitable.

DATED: September 30, 2024

Respectfully Submitted,

MARIO R. SULLIVAN
GDC #965797
WILCOX STATE PRISON
    P.O. BOX 397
Abbeville, Georgia. 31001

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Wilcox SP Abbeville, Ga. on 9/28/24

MARIO SULLIVAN

pg. 18 of 18